UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| FRANKLIN ELECTRIC CO., INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-75-HAB |
| | ) | |
| CIRCUIT ENGINEERING, LLC, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**OPINION AND ORDER**

This matter strikes the Court as a straightforward commercial dispute between a buyer and seller. Franklin Electric Co., Inc. ("Franklin"), the buyer in this scenario, filed suit against Circuit Engineering, LLC ("CE"), the seller, for allegedly delivering defective goods. CE has filed a counterclaim, alleging unpaid invoices. Now attempting to extricate itself from the Counterclaim, Franklin has filed a Motion to Dismiss Counterclaim (ECF No. 16) asserting, generally, that the terms of its purchase orders bar CE's claim for damages. Franklin's motion has now been fully briefed[1] (ECF Nos. 17, 20, 22) and is ripe for determination.

**A.   Factual Background**

The relevant facts, as alleged in CE's counterclaim, are as follows. During their commercial relationship, Franklin requested manufacturing quotes from CE. CE would then send the requested quotes, and, in turn, Franklin would send a purchase order. CE then shipped the goods and invoiced Franklin. CE alleges that Franklin has accepted goods totaling $124,490.33 and, despite demand, has refused to pay for the goods.

---

[1] CE has moved for leave to file a sur-reply (ECF No. 25) and Franklin has responded in opposition (ECF No. 26). Because the Court concludes that it can rule on Franklin's motion to dismiss based on the filings authorized by this district's local rules, CE's Motion for Leave is DENIED.

B.     **Legal Analysis**

1.     *Motion to Dismiss Standard*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint, or in this case a counterclaim, fails to sets forth a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the counterclaim in the light most favorable to the counterclaim plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the counterclaim plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the counterclaim must give fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083. While a counterclaim need not include detailed factual allegations, a counterclaim plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "(t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although this does not require heightened fact pleading of specifics, it does require the counterclaim to contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("(a) plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds

2

upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").

**2.     *The Counterclaim***

As the Court understands Franklin's position, it is not challenging whether, in the abstract, CE's counterclaim could state a claim for breach of contract, account stated, or some other legal theory. Rather, the argument is that Franklin wins the battle of the forms and, when its purchase orders are considered, CE is not entitled to the amounts claimed. Whether or not this argument is correct, it is not one for a motion to dismiss.

"Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Rather, "[o]nly when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id*. Nothing about Franklin's battle of the forms argument is contained in CE's counterclaim. Instead, CE expressly avers that its "quotes govern the transactions between CE and Franklin." (ECF No. 12 at 42). Franklin calls this allegation false; it very well may be. However, at this stage the Court has no choice but to accept it as true and draw all reasonable inferences in CE's favor. Having done so, the Court has little doubt that CE has cleared the low hurdle imposed by Rule 12(b)(6).

**C.     Conclusion**

For the foregoing reasons, Franklin's Motion to Dismiss Counterclaim (ECF No. 16) is DENIED. CE's Motion for Leave to File Sur-Reply to Reply in Support of Motion to Dismiss Counterclaim is also DENIED.

SO ORDERED on June 8, 2021.

                                            s/ Holly A. Brady
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT