UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| FRANKLIN ELECTRIC CO. INC., | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:21-cv-00075-SLC** |
| | ) | |
| CIRCUIT ENGINEERING LLC, | ) | |
| | ) | |
| **Defendant/Counter-Claimant.** | ) | |

## OPINION AND ORDER

Before the Court is a motion to dismiss counterclaim (ECF 16), together with a

supporting memorandum (ECF 17), filed by Plaintiff/Counter-Defendant on May 3, 2021.  On

May 20, 2021, Defendant/Counter-Claimant filed a response to the motion to dismiss (ECF 20),

and on May 25, 2021, Plaintiff filed its reply (ECF 22).[1]  On May 26, 2020, Defendant filed a

motion (ECF 25) seeking the Court's leave to file a sur-reply (ECF 25-1) to the motion to

dismiss.  On May 27, 2021, Plaintiff filed its response to the motion for leave to file a sur-reply.

(ECF 26).  Defendant did not file a reply, and its time to do so has now passed.  N.D. L.R. 7-

1(d)(3).  According, both motions are fully briefed and ripe for adjudication.  For the following

reasons, both Plaintiff's motion to dismiss (ECF 16) and Defendant's motion for leave to file a

sur-reply (ECF 25) will be DENIED.[2]

---

[1]  For ease herein, Plaintiff/Counter-Defendant will be referred to as "Plaintiff" and Defendant/Counter-Defendant as "Defendant."

[2] The undersigned Magistrate Judge has jurisdiction to issue this Opinion and Order pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 72-1 due to the parties' consent.  (ECF 19).

## I. Background

Per its amended complaint, Plaintiff is a "manufacturer of variable frequency drives, submersible pumps, submersible electric motors, and components for applications such as fueling systems." (ECF 9 ¶ 6). Defendant, on the other hand, is a manufacturer of electronic printed circuit boards ("PCBs"). (*Id.* ¶ 7). The parties allegedly entered into a contractual relationship wherein Defendant would send Plaintiff price quotes for the purchase of PCBs, Plaintiff would send Defendant a purchase order ("PO") for a number of PCBs, and Defendant would ship the PCBs and an invoice. (*Id.* at ¶¶ 9-11, 13; ECF 17 at 4; ECF 20 at 2). Between January 2020 through April 2020, Plaintiff bought a number of PCBs from Defendant—manufactured by Defendant and its subcontractors—that were allegedly defective. (ECF 9 ¶¶ 12, 16). Plaintiff asserts that under the Indiana Uniform Commercial Code ("IUCC"), Ind. Code § 26-1-1-0.2 *et seq.*, and Indiana caselaw, POs and invoices exchanged by the parties constitute the parties' written contracts—which Defendant breached. (*Id.* ¶¶ 31-40). As a result, Plaintiff is asserting a variety of breach of contract, negligence, and fraud claims against Defendant. (*Id.* ¶¶ 41-134).

On April 19, 2021, Defendant filed its answer to the complaint raising a variety of affirmative defenses (ECF 12 at 39-41), as well as asserting a counterclaim alleging Plaintiff accepted $124,490.33 worth of goods without payment (*Id.* at 42-43). Pertinent to the present motion, Defendant contends that the terms of the parties' agreements are supplied by its price quotes. (*Id.*; ECF 20 at 2).

In its motion to dismiss, Plaintiff reiterates that the terms of the POs and invoices constructively comprise the parties' contracts pursuant to the IUCC. (ECF 17). Accordingly, it

contends that that Defendant's counterclaim based on the terms of the quotes should be dismissed. (*Id.* at 12). As Plaintiff elaborated in its reply:

> [Defendant] falsely contends its [invoices'] terms govern the transactions, and based on that faulty presumption, [Defendant] charged the amount stated above for expedited fees, service charges, and lab costs, which [Defendant] refers to as "special instance" charges. (ECF 12, p. 42, ¶ 1). However, [Plaintiff] contends, and the case law supports, that the terms provided in [Plaintiff's] Purchase Orders are controlling.

(ECF 22 at 4). Defendant, in response, contends that its answer provides Plaintiff with sufficient notice of the counterclaim and sets forth a plausible claim for relief sufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF 20).

In its motion for leave to file a sur-reply, Defendant argues that Plaintiff alleged for the first time in its response that Defendant's counterclaim "is purportedly for expedited fees, service charges, and lab costs not covered by [Plaintiff's] purchase orders." (ECF 25 at 2). Accordingly, Defendant contends that it should be afforded leave to file a sur-reply to address this "new" argument. Plaintiff, in response, contends that the assertion that Defendant's counterclaim seeks to recover "charges for 'special requests', such as expedited fees, lab costs, service fees, or any other contemplated charge," is simply an expansion of arguments first raised in its motion to dismiss. (ECF 26 at 3 (quoting ECF 12 at 2-3 (emphasis omitted))). As such, it contends that a sur-reply is unnecessary. (*Id.*).

## II. Analysis

### A. Motion for Leave to File Sur-reply

"New arguments and evidence may not be raised for the first time in a reply brief." *PSG Energy Grp., LLC v. Krynski*, No. 1:18-cv-03008-TWP-TAB, 2020 WL 2059944, at *3 (S.D. Ind. Apr. 29, 2020). If a party introduces new evidence or facts in a reply brief, "the proper

response [is] a motion to strike the offending portions of the reply brief or to seek leave to file a response to the reply brief." *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994); *see also Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). That being said, "a party may expand upon and clarify arguments in its reply brief." *PSG Energy Grp.*, 2020 WL 2059944, at *3. "As a general rule, motions to strike are disfavored because they potentially serve only to delay." *Id.*

Strictly speaking, the Local Rules permit parties to file a motion, a response, and a reply, but do not contemplate the filing of a sur-reply. *Lafayette Life Ins. Co. v. City of Menasha, Wis.*, No. 4:09 CV 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) (citing N.D. Ind. L.R. 7-1(a)). Accordingly, "[t]his Court generally doesn't permit litigants to file a surreply brief." *Hall v. Forest River, Inc.*, No. 3:04-CV-259-RM, 2008 WL 1774216, at *1 n.1 (N.D. Ind. Apr. 15, 2008) (citation omitted). The Court, however, has allowed a sur-reply when it raises or responds to a new issue or development in the law. *See id.*; *see also Merril Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. 2-09-cv-158, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009).

Here, there is no need to permit Defendant to file a sur-reply. Indeed, the argument that it seeks to respond to—that the counterclaim "is purportedly for expedited fees, service charges, and lab costs not covered by [Plaintiff's] purchase orders" (ECF 25 at 2)—was raised in Plaintiff's memorandum in support of its motion to dismiss (*see* ECF 17 at 2-3 ("Neither the Price Quotations (*see* ECF 12-2) nor Invoices (*see* ECF 12-4) that [Defendant] provided to [Plaintiff] before and after the transactions contain any reference to additional charges for 'special requests', such as expedited fees, lab, costs, services fees, or any other contemplated charge.")). In any event, Plaintiff's argument in both its initial memorandum and reply brief is essentially the same—that Defendant's counterclaim is precluded because the allegedly unpaid charges are not contemplated by the terms of the POs and invoices which make up the parties'

contracts.   (*Compare* ECF 17 at 12 ("As such, pursuant to Provision 1 of [Plaintiff's] Purchase Orders, [Defendant] is precluded from requesting the $124,490.33 alleged in its counterclaim, or for compensation related to any expedited fees, lab costs, or service charges not expressly provided for in the Price Quotations and/or Invoices."), *with* ECF 22 at 6 ("[Defendant's] attempt to recover additional "special instance" charges, fees, and costs, is in direct contravention to the controlling term [of Plaintiff's PO] and is, therefore, neither legally nor contractually allowed, and as such, [Defendant] has no basis for relief.")).   Accordingly, Defendant's motion for leave to file a sur-reply (ECF 25) is DENIED.

*B  Motion to Dismiss Counterclaim*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.   "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Ray v. City of Chi.*, 629 F.3d 660, 662-63 (7th Cir. 2011) ("While the federal pleading standard is quite forgiving . . . the [counterclaim] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation omitted)).   A counterclaimant is required to include allegations in the counterclaim that "plausibly suggest that the [claimant] has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the [claimant] pleads itself out of court."  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)).

As mentioned, Plaintiff primarily contends that its POs wins the "Battle of Forms" under the IUCC, and thus Defendant's counterclaim is legally deficient.  However, taking Defendant's

allegations in its counterclaim as true and construing the counterclaim in the light most favorable

to the nonmoving party, *see Rogers Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir.

2010), Defendant's quotes control the parties' agreements, and Plaintiff failed to pay for the

PCBs shipped to it in contravention to the terms of the quotes.  (ECF 12 at 42).  Said another

way, Defendant is alleging that Plaintiff breached the parties' contracts by failing to pay for the

goods delivered to it.  At least at this point, that is sufficient.  *See Murat Temple Ass'n, Inc. v.*

*Live Nation Worldwide, Inc.*, 953 N.E.2d 1125, 1128–29 (Ind. Ct. App. 2011) ("The elements of

a breach of contract action are the existence of a contract, the defendant's breach thereof, and

damages.").  Accordingly, Plaintiff's motion to dismiss (ECF 20) will also be DENIED.

### III.  Conclusion

In summary, Plaintiff's reply to the motion to dismiss (ECF 22) did not introduce any

new evidence or arguments necessitating a sur-reply.  Accordingly, Defendant's motion for leave

to file a sur-reply (ECF 25) is DENIED.  Further, taking all its allegations as true, Defendant's

counterclaim (ECF 12 at 42-43) states a plausible claim for relief.  As such, Plaintiff's motion to

dismiss (ECF 16) is also DENED.

SO ORDERED.

Entered this 5th day of August 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge